**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2014, 10:38 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**CHARLES W. TURNER**
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES W. TURNER, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1402-CT-110 |
| | ) | |
| MONTAGUE M. OLIVER, JR., | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Joseph R. Kilmer, Master Commissioner
Cause No. 48C01-1107-CT-113
The Honorable George Pancol, Judge
Cause No. 48C02-1107-CT-198

**September 3, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Charles Turner appeals the trial court's order denying his motion to correct error, which Turner filed after the trial court entered judgment in favor of Montague Oliver on Turner's complaint. Finding that Turner has waived multiple issues for lack of cogency, and finding no abuse of discretion or other error, we affirm.

FACTS

Turner has a Westlaw account. Turner and Oliver, who is an attorney, reached an agreement whereby Oliver could use Turner's Westlaw account so long as Oliver did not go beyond the legal sources included in Turner's plan. On September 16, 2010, someone using Turner's account conducted searches outside of Turner's plan, resulting in a charge to Turner of $2,104.70. Tr. Ex. A1.

On July 20, 2011, Turner filed a complaint against Oliver and another defendant who was later dismissed, alleging that Oliver had done the research resulting in the overage charge and should have to reimburse Turner in that amount. Oliver filed a motion to dismiss the complaint, and on December 15, 2011, the trial court held a hearing on the motion. At the hearing, former Judge Fred Spencer appeared on behalf of Oliver. Because Judge Spencer had previously presided in that same courtroom, and the Commissioner hearing the case had previously been employed by Judge Spencer, Turner made an oral motion for "change of venue." Appellant's App. p. 38. In that same hearing, Judge Spencer withdrew from representation of Oliver, who then proceeded pro se for the remainder of the litigation. The Commissioner expressed hesitation about proceeding with the litigation in that courtroom given an overall appearance of

2

impropriety. On December 20, 2011, Turner filed a written motion for "change of venue to the U.S. District Court," which the trial court interpreted to be a motion for change of judge. Id. at 8. On December 30, 2011, the trial court granted Turner's motion for change of judge. Although Turner objected to his motion being granted, the litigation was transferred to a new courtroom and a new judge.

Following cross-motions for summary judgment, on August 8, 2013, the trial court granted partial summary judgment in Oliver's favor. Specifically, the trial court ordered that the only date at issue in the litigation was September 16, 2010, and all other dates and alleged legal research occurring on those dates were no longer a part of the litigation. At the January 29, 2014, bench trial in this case, both parties appeared pro se, and the only evidence presented was their own respective testimony and argument. Following the trial, the trial court entered judgment in favor of Oliver. On February 14, 2014, Turner filed a motion to correct error and/or to reconsider, which the trial court denied on February 20, 2014. Turner now appeals.

DISCUSSION AND DECISION

Turner purports to raise ten separate arguments on appeal. The majority of his arguments are unintelligible, disjointed, unsupported, and rambling. We remind Turner that "a pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." In re. G.P., 4 N.E.3d 1158, 1164 (Ind. 2014). Turner's failure to present cogent argument supported by legal authority constitutes a waiver of his claims for appellate review. Wenzel v. Hopper &

3

Galliher, P.C., 830 N.E.2d 996, 1004 (Ind. Ct. App. 2005); Ind. Appellate Rule 46(A)(8)(a). Waiver notwithstanding, we will address Turner's most discernible arguments.

Turner's appeal comes to us after the trial court denied his motion to correct error. We review a trial court's ruling on a motion to correct error for an abuse of discretion. Reed v. Bethel, 2 N.E.3d 98, 106 (Ind. Ct. App. 2014). We will reverse only where the trial court's judgment is clearly against the logic and effect of the facts and circumstances before it or where the trial court errs on a matter of law. Perkinson v. Perkinson, 989 N.E.2d 758, 761 (Ind. 2013).

First, Turner argues that Oliver engaged in the practice of law after he had been disbarred. This is simply untrue. Although Oliver was suspended from the practice of law at one point in time, he has been fully reinstated since 2009 and, according to the Clerk of Appellate Courts, is currently active and in good standing. In re Oliver, 917 N.E.2d 1223 (Ind. 2009); Indiana Roll of Attorneys, https://courtapps.in.gov/rollofattorneys (last checked August 19, 2014).

Second, Turner argues that he was entitled to a jury trial as opposed to a bench trial. Turner has not directed us to any point in the record where he actually requested a jury trial, however, and we have been able to find no such request. As a result, he has

4

waived this issue. See Ind. Trial Rule 38(B) (requiring that a jury demand must be filed within ten days after the first responsive pleading to a complaint is filed).[1]

Third, Turner contends that his "motion for change of venue" should have resulted in the transfer of his action to a United States District Court. Initially, we note that to the extent Turner's concern was Judge Spencer's relationship to the litigation, the trial court granted a change of judge and the litigation was subsequently transferred to a different courtroom and judge. Furthermore, we note that if Turner wanted his litigation removed to federal court, the burden was on him to file a notice of removal with the United States District Court. 28 U.S.C. § 1446(A). He did not do so, and consequently, this argument is unavailing.

Fourth, Turner argues that the trial court erroneously denied his request to make an opening statement. He cites to no authority for this argument. We address it merely to observe that it was a bench trial, where all of the evidence consisted of testimony and argument presented by Turner and Oliver themselves. Turner had ample opportunity to present his case to the judge, both in the form of testimony and argument. We cannot find any error in a lack of opening statement under these circumstances.

Finally, Turner seems to argue that the evidence was insufficient to support the trial court's judgment in favor of Oliver. As noted above, the only date at issue was September 16, 2010. Tr. p. 5. As part of discovery, Turner had subpoenaed records from

---

[1] Turner also makes an offensive argument regarding the trial judge's eyesight. We address this only to note that had an attorney made this argument, we would be compelled to report him or her to the disciplinary commission.

5

Westlaw. Among the records received was a log of dates, times, and IP addresses using Turner's Westlaw login. This record, which both Turner and Oliver put into the court's record at different points in the litigation, establishes that only one computer logged into Turner's account on September 16, 2010. Tr. Ex. C; Appellant's App. p. 102. It is undisputed that the IP address used on that date was a Comcast IP address. It is further undisputed that whereas Turner is a Comcast customer, Oliver is an AT&T customer. Appellant's App. p. 102. The only evidence relating to the date in question, therefore, establishes that it was, in fact, <u>Turner</u>, not Oliver, who amassed the overage charges. Tr. p. 40-41 (Turner testified that "yes that is my Comcast IP number" and that "that is correct" that Turner's own computer was the one on Westlaw on 9/16/2010); tr. p. 44 (Turner admitted that "none [sic] other parties showed up" on the IP address list for 9/16/2010). Under these circumstances, we can say that the trial court correctly entered judgment in Oliver's favor and correctly denied Turner's motion to correct error.

The judgment of the trial court is affirmed.

KIRSCH, J., and ROBB, J., concur.